**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

    Plaintiff

        v.

ANGEL AYALA-VAZQUEZ, ET AL.

    Defendants.

CR. NO. 09-173 (PG)

**OPINION AND ORDER**

Defendant Angel Ayala-Vazquez ("Defendant" or "Ayala") filed a motion for bill of particulars (Docket No. 692) under Federal Rule of Criminal Procedure 7(f) requesting that the government file a bill of particulars as to Counts Three through Six of the indictment. The government responded opposing the Defendant's request. For the reasons that follow, the Court **DENIES** Defendant's motion for bill of particulars.

**I. BACKGROUND**

On September 28, 2009, Defendant, the alleged ring-leader of this sixty-five co-defendant criminal case, was charged by way of superseding indictment with six counts of narcotics violations involving heroin, crack cocaine, cocaine, and marijuana (Docket No. 43) all in violation of 21 U.S.C. §§ 841(a)(1), 846, 860, 963, and 18 U.S.C. § 2. On April 15, 2010, a grand jury returned a second superseding indictment adding five counts based on a money laundering conspiracy (Docket No. 775), all in violation of 18 U.S.C. § 1956(h).

On March 15, 2010, five (5) months after the arraignment as to the first superseding indictment (Docket No. 142) had taken place, the Defendant filed the motion pending now before the Court requesting that a bill of particulars be allowed pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure as to Counts Three to Six.[1] See Docket No. 692. Therein, the Defendant requests that the government describe, state or identify: (a) each and every date between 1995 and the return of the Indictment that the controlled substance named in said Counts was allegedly possessed; (b) the amount of controlled substance allegedly possessed on said date; (c) which of the defendants allegedly possessed said

---

[1] Counts Three thru Six charge the Defendant with possession with intent to distribute heroin, crack cocaine, cocaine and marijuana, respectively, in violation of 21 U.S.C. § 841.

controlled substance on each date; (d) state the location that said controlled substance was allegedly possessed as to each date. See Docket No. 692 at pages 1-2. Defendant contends that he cannot adequately prepare his statute of limitations and/or alibi defense(s) without the requested information. See id.

The government opposed the Defendant's motion arguing that the superseding indictment and the discovery provided constitutes sufficient specificity to notify the Defendant of the charges and allow him to prepare a defense. See Docket No. 762. Also before the Court is the Defendant's reply (Docket No. 772).

## II. DISCUSSION

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes courts to direct a filing of a bill of particulars. Specifically, Rule 7(f) provides as follows:

> (f) Bill of Particulars. The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or **within 14 days after arraignment** or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

FED.R.CRIM.P. 7(f) (emphasis ours). "The purpose of a bill of particulars is to provide the accused with detail of the charges against him where necessary to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy." U.S. v. Paiva, 892 F.2d 148, 154 (1st Cir.1989) (internal citations omitted). However, "[a] bill of particulars is not an investigative tool for defense counsel to obtain a detailed disclosure of the government's evidence prior to trial." U.S. v. Vazquez-Rijos, 250 F.R.D. 99, 100 (D.P.R. 2008) (citing United States v. Kilrain, 566 F.2d 979, 985 (5th Cir.1978)). "[F]ederal trial courts have always had very broad discretion in ruling upon requests for such bills … ." Will v. U.S., 389 U.S. 90, 98-99 (1967).

The Court first notes that five (5) months elapsed between the filing of the pending motion for bill of particulars and the Defendant's arraignment following the First Superseding Indictment, which took place on October of 2009. Although a Second Superseding Indictment was filed in April of 2010 after the Defendant's motion for bill of particulars was filed, the Counts of which the Defendant complains of remained unchanged therein. As per the Rule's directives, a defendant may move for a bill of particulars within fourteen (14) days after the arraignment or at a later time if the Court permits. In the instant case, not only did the deadline to move for a bill of particulars expire, but the Defendant has also failed to obtain this Court's permission to do so outside of

the established time limit. Accordingly, the Defendant's motion is untimely and must be **DENIED** on those grounds.

At any rate, the Defendant's motion must also be denied on the merits. "Whether - and to what extent - a bill of particulars should be granted is determined on the basis of the facts and circumstances presented in each case, and is within the discretion of the trial court." U.S. v. Stryker Biotech, LLC, No. 09-10330, 2010 WL 2900684, at *4 (D.Mass. July 21, 2010) (citing United States v. Leach, 427 F.2d 1107, 1110 (1st Cir.1970), *cert. denied*, 400 U.S. 829 (1970)). "When considering a defendant's request for a bill of particulars, a court may consider such factors as the complexity of the charges, the clarity of the indictment, and the discovery and other information available to the defendant." Stryker Biotech, LLC, 2010 WL 2900684 at *4 (citing United States v. Walker, 922 F.Supp. 732, 739 (N.D.N.Y.1996)).

"[I]ndictments need not be infinitely specific." U.S. v. Sepulveda, 15 F.3d 1161, 1192 (1st Cir.1993). "[I]n general, an indictment is sufficiently particular if it elucidates the elements of the crime, enlightens a defendant as to the nature of the charge against which [he] must defend, and enables [him] to plead double jeopardy in bar of future prosecutions for the same offense." Id. (citing Hamling v. United States, 418 U.S. 87, 117 (1974); Fed.R.Crim.P. 7(c)(1)).

Having considered the Defendant's request and the charges filed against him, the Court finds that the indictment contains sufficient information to appraise him of the charges against him. Counts Three through Six of the indictment in this case alleged that he possessed one (1) kilogram or more of heroin, fifty (50) grams or more of crack cocaine, five (5) kilograms or more of cocaine and one thousand (1000) kilograms or more of marijuana "from in or about the year 1995, and continuing up to and until the return of the instant Indictment …." See Docket No. 43. The First Circuit Court of Appeals has found that an indictment's "on or about" temporal specifications are perfectly adequate. See U.S. v. Portela, 167 F.3d 687, 704-705 (1st Cir.1999) (citing Paiva, 892 F.2d 148, 154-55). In addition, the government represented in its opposition that the discovery provided constitutes sufficient specificity to notify the defendant of the charges and allow him to prepare a defense. See Docket No. 762. Accordingly, there being no basis to conclude that the indictment is impermissibly vague so as to materially hamper trial preparation, cause surprise, or prevent Defendant from preparing an adequate defense, this Court **DENIES** Defendant's motion for bill of particulars.

### III. CONCLUSION

For the reasons explained above, the Court **DENIES** Defendant's motion for bill of particulars (Docket No. 692).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, October 6, 2010.

<u>S/ JUAN M. PÉREZ-GIMÉNEZ</u>
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE